Martin W. Aron (MA 2008)
Scott H. Casher (SC 7903)
Edwards Angell Palmer & Dodge LLP
Attorneys for Defendant
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBIN WINSTON,

    Plaintiff,

v.

VERIZON SERVICES CORP.

    Defendant.

08 civ. 4072 (PKC)(HBP)

**ANSWER**

---

Defendant Verizon Services Corp. ("Verizon") by and through its attorneys, Edwards Angell Palmer & Dodge LLP, answers the complaint as follows:

### INTRODUCTION

1. Verizon denies all allegations of discrimination and refers all matters of law to the Court.

### JURISDICTION AND VENUE

1. Verizon admits that plaintiff is a resident of the State of New York, but is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 1 of the complaint.

2. Verizon is a Delaware corporation, with its principal place of business in Virginia, and it is licensed to do business in New York, and Verizon denies the remaining allegations contained in paragraph 2 of the complaint.

STM 250373.1

3.  Verizon denies any allegation of unlawful practices by Verizon s contained in paragraph 3 of the, and admits that plaintiff was employed by Verizon in New York County, in the State of New York.

4.  Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 4 of the complaint.

## BACKGROUND

5.  Verizon admits that plaintiff was employed by Verizon from 1982 until 2004, but denies that she was unlawfully terminated.

6.  Verizon denies the allegations contained in paragraph 6 of the complaint, except admits that plaintiff was promoted at various times throughout her tenure at Verizon and that she held titles including but not limited to Repair Service Attendant and Corporate Accounts Manager.

7.  Verizon denies the allegation contained in paragraph 7 of the complaint.

8.  Verizon admits the allegations contained in paragraph 8 of the complaint to the extent that it includes some, but not all, of plaintiff's job responsibilities.

9.  Verizon denies the allegations contained in paragraph 9 of the complaint, except admits that Kevin Organ was plaintiff's supervisor during a portion of her employment at Verizon.

10. Verizon denies the allegations contained in paragraph 10 of the complaint.

11. Verizon denies the allegations contained in paragraph 11 of the complaint, except admits that plaintiff held the title of Strategic Account Manager during her employment at Verizon and that Kevin Organ was her supervisor as of February of 2003.

STM 250373.1

12. Verizon denies the allegations contained in paragraphs 12-17 of the complaint.

13. Verizon denies the allegations contained in paragraph 18 of the complaint, except admits that Kevin Organ created a three-month performance development plan for plaintiff.

14. Verizon denies the allegations contained in paragraph 19 of the complaint, except admits that plaintiff was questioned concerning unwarranted sales commissions paid to her in error.

15. Verizon denies the allegations contained in paragraph 20 of the complaint, except it lacks information sufficient to admit or deny the allegations with regards to the cause of the "payout problem."

16. Verizon denies the allegations contained in paragraph 21 of the complaint, except admits that typically Strategic Account Managers have "read only" access to the sales payout software.

17. Verizon lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of the complaint.

18. Verizon denies the allegations contained in paragraph 23 of the complaint.

19. Verizon denies the allegations contained in paragraph 24 of the complaint, except admits that plaintiff spoke with Marguerite Ropke in or about January 2004 to discuss problems that plaintiff was having with Kevin Organ.

20. Verizon denies the allegations contained in paragraphs 25-26 of the complaint.

21. Verizon denies the allegations contained in paragraph 27 of the complaint, except admits that Kevin Organ did not feel that plaintiff was qualified for her position within the Strategic Sales Branch.

22. Verizon denies the allegations contained in paragraph 28 of the complaint.

23. Verizon denies the allegations contained in paragraph 29 of the complaint, except admits that plaintiff's employment with Verizon was terminated on April 28, 2004.

24. Verizon denies the allegations contained in paragraph 30 of the complaint, except admits that plaintiff did not obtain alternate employment with another Verizon department.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Verizon hereby repeats and incorporates by reference its responses to each and every allegation by plaintiff in paragraphs 1 through 30 of the complaint as set forth above.

26. The allegation contained in paragraph 32 of the complaint is a legal conclusion to which no response is required.

27. Verizon denies the allegations contained in paragraph 33 of the complaint.

28. Verizon denies the allegations contained in paragraph 34 of the complaint, except admits that plaintiff made a presentation on or about January 20, 2004.

29. Verizon denies the allegations contained in paragraph 35 of the complaint, except admits that plaintiff was "discharged from her position as Strategic Account Manager."

30. Verizon denies the allegations contained in paragraphs 36-37 of the complaint.

31. Verizon lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 38 of the complaint.

32. Verizon denies the allegations contained in paragraphs 39-40 of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Verizon hereby repeats and incorporates by reference its responses to each and every allegation by plaintiff in paragraphs 1 through 40 of the complaint as set forth above.

34. Verizon denies the allegations contained in paragraphs 42-44 of the complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

35. Verizon hereby repeats and incorporates by reference its responses to each and every allegation by plaintiff in paragraphs 1 through 44 of the complaint as set forth above.

36. The allegation contained in paragraph 46 of the complaint is a legal conclusion to which no response is required.

37. Verizon denies the allegations contained in paragraph 47 of the complaint.

38. Verizon denies the allegations contained in paragraph 48 of the complaint, except admits that plaintiff gave a presentation on or about January 20, 2004.

39. Verizon hereby repeats and incorporates by reference its responses to the allegations in paragraphs 27-30, and admits that plaintiff was discharged from her position as Strategic Account Manager as alleged in paragraph 49 of the complaint.

40. Verizon denies the allegations contained in paragraphs 50-51 of the complaint.

41. Verizon lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 52 of the complaint.

42. Verizon denies the allegations contained in paragraphs 53-54 of the complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

43. Verizon hereby repeats and incorporates by reference its responses to each and every allegation by plaintiff in paragraphs 1 through 54 of the complaint as set forth above.

44. Verizon denies the allegations contained in paragraphs 56-58 of the complaint.

### AS AND FOR A FIFTH CAUSE OF ACTION

45. Verizon hereby repeats and incorporates by reference its responses to each and every allegation by plaintiff in paragraphs 1 through 58 of the complaint as set forth above.

46. The allegation contained in paragraph 60 of the complaint is a legal conclusion to which no response is required.

47. Verizon denies the allegations contained in paragraph 61 of the complaint.

48. Verizon denies the allegations contained in paragraph 62 of the complaint, except admits that plaintiff's employment at Verizon was terminated on or about June 14, 2004.

49. Verizon denies the allegations contained in paragraph 63 of the complaint.

50. Verizon lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 64 of the complaint.

51. Verizon denies the allegations contained in paragraphs 65-66 of the complaint.

### AS AND FOR A SIXTH CAUSE OF ACTION

52. Verizon hereby repeats and incorporates by reference its responses to each and every allegation by plaintiff in paragraphs 1 through 66 of the complaint as set forth above.

53. Verizon denies the allegations contained in paragraphs 68-71 of the complaint.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of release, waiver, estoppel and laches.

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages by using reasonable diligence to seek and obtain employment elsewhere, and by no fault on defendant's part

## AS AND FOR A FOURTH DEFENSE

At all times relevant hereto, defendant acted in good faith and has not violated any rights which may be secured to plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A FIFTH DEFENSE

Plaintiff's complaint should be dismissed because all actions taken by Verizon with respect to plaintiff were undertaken in good faith and for legitimate business reasons.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because she has suffered no harm that was proximately caused by Verizon

## AS AND FOR AN SEVENTH DEFENSE

Plaintiff's claim is barred under the doctrine of unclean hands.

## AS AND FOR A EIGHTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A NINTH DEFENSE

The complaint is barred, in whole or in part, by the lack of any conduct directed at plaintiff on account of her race or gender.

### AS AND FOR AN TENTH DEFENSE

The complaint is barred, in whole or in part, by the lack of any conduct that can be regarded as discriminatory or retaliatory under the objective, reasonable-man standard.

### AS AND FOR A ELEVENTH DEFENSE

At all times material hereto, defendant had an anti-discrimination policy in place that prohibited the conduct alleged by plaintiff. To the extent that any unlawful conduct occurred, plaintiff failed to follow the procedures set forth therein that defendant had established to address employees' complaints of discrimination.

**WHEREFORE**, Verizon respectfully requests that this Court:

    a.    Dismiss the complaint in its entirety;

    b.    Deny each and every demand, claim and prayer for relief contained in the complaint;

    c.    Award to defendant reimbursement for its reasonable attorneys' fees and costs incurred in defending this action; and

    d.    Grant such other and further relief as the Court may deem just and proper.

Dated: May 16, 2008

                                                      /s/
                                          Martin W. Aron (MA 2008)
                                          Scott H. Casher (SC 7903)
                                          Edwards Angell Palmer & Dodge LLP
                                          Attorneys for Defendant
                                          750 Lexington Avenue
                                          New York, NY 10022
                                          Tel: (212) 308-4411
                                          Email: SCasher@eapdlaw.com

TO:    Nils Shillito, Esq.
        Stephen D. Hans & Associates, P.C.
        Attorneys for Plaintiff
        45-18 Court Square, Suite 403
        Long Island, New York 11101
        (718) 275-6700

## CERTIFICATE OF SERVICE

This is to certify that on May 19, 2008, a copy of Defendant's Answer was filed electronically. Notice of the filing was sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

/s/
Scott H. Casher (SC 7903)
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY  10022
Tel. (212) 308-4411
E-mail: scasher@eapdlaw.com