# STEPHEN D. HANS & ASSOCIATES P.C.
ATTORNEYS AT LAW
45-18 COURT SQUARE, SUITE 403
LONG ISLAND CITY, NEW YORK 11101
WWW.HANSASSOCIATES.COM

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/08

TEL: 718.275.6700                                   FAX: 718.275.6704

# MEMO ENDORSED

Nils C. Shillito
Tel: 718.275.6700 x 205
nshillito@hansassociates.com

June 19, 2008

*VIA FACSIMILE: (212) 805-7949*

Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  **Winston v. Verizon Services Corp.**
>      **Civil Case No. 08 CV 4072 (PKC)(HBP)**

Dear Judge Castel:

*[Handwritten endorsement:] Defendant should respond by fax by June 25 at 4 p.m. indicating whether they consent to the requested relief and, if not, state in detail why they oppose the relief. SO ORDERED. [signature] USDJ 6-19-08*

This firm represents the Plaintiff Robin Winston (hereinafter "Ms. Winston") in the above matter. On behalf of Ms. Winston, we intend to file a motion pursuant to Rules 39(b) and 81(c) of the Federal Rules of Civil Procedure seeking leave to serve and file a late jury demand in this case. Pursuant to Rule 2-A of Your Honor's Individual Practices, I write to request a pre-motion conference with respect to such motion. The basis for this anticipated motion is briefly set forth below.

This action, in which the Plaintiff asserts various causes of action for workplace discrimination and retaliation under the New York State Human Rights Law, N.Y. Executive Law § 296 *et seq.* (hereinafter the "NYSHRL") and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101, *et seq.* (hereinafter the "NYCHRL") against the Defendant Verizon Services Corp. (hereinafter "Verizon"), was initially commenced by the filing of a Complaint in New York State Supreme Court in Bronx County. On April 30, 2008, Verizon removed the case to this Court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Ms. Winston did not oppose removal, as there is no question that the requirements for diversity jurisdiction exist. Verizon filed and served an Answer to the removed Complaint on May 19, 2008.

Upon reviewing the file yesterday in conjunction with relevant portions of the Federal Rules of Civil Procedure, this firm first realized that Ms. Winston's Complaint in this matter,

which was prepared for and filed in New York State Supreme Court, did not contain a formal jury demand as required by Fed. R. Civ. P. 38(b). This is because, in New York State Courts, a Plaintiff cannot demand a jury trial until the filing of the Note of Issue (See N.Y. CPLR § 1332), an event that had not yet been reached before the case was removed.

Thus, at this time, Ms. Winston wishes to move, pursuant to Fed. R. Civ. P. 39(b), for leave to serve a late jury demand in this matter. Fed. R. Civ. P. 81(c)(3) sets forth special provisions regarding the service and filing of a jury demand in cases removed from state courts. However, the Second Circuit has found that cases removed from New York State Courts do not fit into the provisions of Rule 81(c)(3), but instead fall into a "grey area" not covered by the Rule. See Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 391 (2d Cir. 1983); see also Higgins v. Boeing Co., 526 F.2d 1004, 1007 (2d Cir. 1975). Nonetheless, the leniency of New York State law with respect to jury demands has been incorporated into federal practice in these situations. See Higgins, 526 F.2d at 1007 (Stating that "We think this discretionary right [to a late jury demand under the more permissive New York standard] must be read into the language of Rule 81(c); it comports also with Rule 39(b).").

With this leniency in mind, the Second Circuit created a three-factor test to govern the consideration of late jury demands in cases removed from New York State Courts. These factors are: (1) whether the case is of a type traditionally triable by jury; (2) whether the parties have been operating under the assumption that there would be a bench trial; and (3) whether granting trial by jury would result in prejudice to the defendants. See Perelman v. Camp Androscoggin Jr.-Sr., Inc., Case No. 06 Civ. 13020, 2008 U.S. Dist. LEXIS 4600 [Conner, J.] (S.D.N.Y. January 22, 2008), citing Higgins, 526 F.2d at 1007; see also Thompson v. Beth Israel Medical Center, Case No. 96 Civ. 0509, 1998 U.S. Dist. LEXIS 15521 [Patterson, J.] (S.D.N.Y. October 1, 1998), citing Higgins, 526 F.2d at 1007. Examining these factors, it is clear that Ms. Winston should be allowed to serve a late jury demand in this matter.

Initially, under the first factor, this case is clearly of a type traditionally triable by jury. As stated above, Ms. Winston has asserted claims of employment discrimination and retaliation pursuant to both the NYSHRL and the NYCHRL. There is no question that such claims of workplace discrimination are traditionally tried to juries. See Scelfo v. Aurora Concept, Inc., Case No. 07 Civ. 7835, 2006 U.S. Dist. LEXIS 29837 [Dolinger, M.J.] (S.D.N.Y. May 15, 2006).

Turning to the second factor, the parties have not been operating under the assumption that there would be a bench trial in this case. Indeed, the driving force behind Verizon's removal of the case to this Court was no doubt a belief that a jury in the Southern District would likely be more favorable than a Bronx jury in New York State Supreme Court. Moreover, although Ms. Winston did not file a jury demand by the May 29, 2008 deadline (per Fed. R. Civ. P. 38(b)(1), the jury demand is to be filed within ten (10) days after the last pleading filed, here, Verizon's Answer), no indication was ever given to Verizon or its counsel that Ms. Winston did not intend to seek a trial by jury. Finally, in the three (3) weeks since the passage of the May 29, 2008 deadline for serving and filing a jury demand, no proceedings have yet been conducted in this case, and thus it cannot truly be said that the parties have been "operating" under any assumptions during such a short period of time.

Examining the third factor, it is clear that Verizon would not suffer any prejudice by allowing Ms. Winston to serve a jury demand three (3) weeks late, where no proceedings whatsoever have been conducted in this matter following its removal. Indeed, this Court has granted similar motions under circumstances that would indicate far more potential for prejudice than herein. See e.g. Thompson, 1998 U.S. Dist. LEXIS 15521 (Granting Plaintiff's motion for leave to serve a late jury demand in an action removed from New York State Court where motion was made 2 ½ years following removal and after completion of discovery and filing of summary judgment motion.).

In light of the above, it is clear that the relevant factors and case law weigh in favor of granting Ms. Winston a jury trial. Thus, the undersigned respectfully requests leave to file a motion seeking permission to serve and file a late jury demand in this matter. As the parties are currently scheduled to appear before the Court for an initial scheduling conference on June 27, 2008 at 12:00 pm, it is further requested that the pre-motion conference be held at such time, for the convenience of both counsel and the Court.

Respectfully Submitted,

*[signature]*

Nils C. Shillito (NS-6755)

NCS/ml

cc:   Peter M. Dunne, Esq.
      (via fax: 866-512-9877 and email: pdunne@eapdlaw.com)

3